**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KENDAL NOWLING; ANTONIO DUNCAN; LENN DUNCAN; and HERTISENE DUNCAN, ) ) ) ) ) | Case No. 1:22-cv-05388 |
| Plaintiffs, ) ) | |
| ) | District Judge Joan H. Lefkow |
| vs. ) | |
| ) | Magistrate Judge Jeffrey Cole |
| OFFICER RYAN J. RITCHIE, Star No. 16368; OFFICER JARED J. KUNDRAT, Star No. 3872; OFFICER DANIEL C. FAIR, Star No. 9778; OFFICER BENJAMIN A. WILSON, Star No. 3595; OFFICER JOSE H. ROMERO, Star No. 15368; OFFICER JEFFERY L. MORROW, Star No. 17957; OFFICER MICHAEL T. CUMMINGS, Star No. 1173; SERGEANT KELLY A. CUSACK, Star No. 1217; and CITY OF CHICAGO ) ) ) ) ) ) ) ) ) ) | |
| ) | Trial By Jury Demanded |
| Defendants. ) | |

## FIRST AMENDED COMPLAINT AT LAW

NOW COME the Plaintiffs, Mr. Kendal Nowling, Mr. Antonio Duncan, Mr. Lenn Duncan and Mrs. Hertisene Duncan, by and through their attorney, David S. Lipschultz, and in support of their Complaint at Law against the Defendants, Officer Ryan J. Ritchie, Star No. 16368; Officer Jared J. Kundrat, Star No. 3872; Officer Daniel C. Fair, Star No. 9778; Officer Benjamin A. Wilson, Star No. 3595; Officer Jose H. Romero, Star No. 15368; Officer Jeffery L. Morrow, Star No. 17957; Officer Michael T. Cummings, Star No. 1173; Sergeant Kelly A. Cusack, Star No. 1217; and City Of Chicago, states as follows:

### JURISDICTION AND VENUE

1. This action is brought pursuant to the United States Constitution; 42 U.S.C. §1983 and §1988 (the Civil Rights Act of 1871); and the laws of the State of Illinois, to redress

1

deprivations of the civil rights of the Plaintiffs, accomplished by acts and/or omissions of the Defendants and committed under color of law.

2. This Court has jurisdiction under and by virtue of 28 U.S.C. §1343, §1331 and §1367.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391, as the acts complained of took place in this judicial district.

## PARTIES

4. Plaintiff Kendal Nowling ("Mr. Nowling"), is a United States citizen and a resident of the City of Chicago, State of Illinois.

5. Plaintiff Antonio Duncan, ("Mr. A. Duncan") is a United States citizen and a resident of the City of Chicago, State of Illinois.

6. Plaintiff Lenn Duncan, ("Mr. L. Duncan") is a United States citizen and a resident of the City of Chicago, State of Illinois.

7. Plaintiff Hertisene Duncan, ("Mrs. Duncan") is a United States citizen and a resident of the City of Chicago, State of Illinois.

8. At all relevant times herein referenced, Defendant Officer Ryan J. Ritchie ("Officer Ritchie"), was employed by the City of Chicago as a sworn police officer. He is sued in his individual capacity. At the time of the incidents at issue in this Complaint, Officer Ritchie was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

9. At all relevant times herein referenced, Defendant Officer Jared J. Kundrat ("Officer Kundrat"), was employed by the City of Chicago as a sworn police officer. He is sued in his individual capacity. At the time of the incidents at issue in this Complaint, Officer Kundrat

was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

10. At all relevant times herein referenced, Defendant Officer David C. Fair ("Officer Fair"), was employed by the City of Chicago as a sworn police officer. He is sued in his individual capacity. At the time of the incidents at issue in this Complaint, Officer Fair was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

11. At all relevant times herein referenced, Defendant Officer Benjamin A. Wilson ("Officer Wilson"), was employed by the City of Chicago as a sworn police officer. He is sued in his individual capacity. At the time of the incidents at issue in this Complaint, Officer Wilson was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

12. At all relevant times herein referenced, Defendant Officer Jose H. Romero ("Officer Romero"), was employed by the City of Chicago as a sworn police officer. He is sued in his individual capacity. At the time of the incidents at issue in this Complaint, Officer Romero was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

13. At all relevant times herein referenced, Defendant Sergeant Kelly A. Cusack ("Sergeant Cusack"), was employed by the City of Chicago as a sworn police officer. She is sued in her individual capacity. At the time of the incidents at issue in this Complaint, Sergeant Cusack was engaged in the conduct complained of while acting within the scope of her employment and under color of law.

14. At all relevant times herein referenced, Defendant Officer Jeffrey L. Morrow ("Officer Morrow"), was employed by the City of Chicago as a sworn police officer. He is sued in his individual capacity. At the time of the incidents at issue in this Complaint, Officer Morrow was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

15. At all relevant times herein referenced, Defendant Officer Michael T. Cummings ("Officer Cummings"), was employed by the City of Chicago as a sworn police officer. He is sued in his individual capacity. At the time of the incidents at issue in this Complaint, Officer Cummings was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

16. At all relevant times herein referenced, Defendant, City of Chicago ("City"), was and remains a governmental entity formed pursuant to the laws of the State of Illinois. Sergeant Cusack, Officer Ritchie, Officer Kundrat, Officer Fair, Officer Wilson, Officer Romero, Officer Cummings, and Officer Morrow were employed by City of Chicago as sworn police officers, and at the time of the incident at issue were acting within the scope of their employment for City of Chicago and under color of law.

## FACTUAL ALLEGATIONS

17. On June 17, 2021, at approximately 6:00 p.m. Mr. A. Duncan and one of his neighbors got into an argument outside her residence, near 12147 La Salle St, Chicago, Illinois.

18. Mr. A. Duncan excused himself and returned to his residence at 1215 La Salle Street, Chicago, Illinois.

19. Mr. A. Duncan had just finished taking a shower when Sergeant Cusack, Officer Cummings, Officer Ritchie, Officer Kundrat, Officer Romero, Officer Fair, Officer Wilson and Officer Morrow ("Defendant Officers") arrived.

20. When Defendant Officers arrived, Mr. A. Duncan answered the door in his towel.

21. Defendant Officers pulled him from the house with great force.

22. The force used to remove Mr. A Duncan injured his hip and caused his towel to fall to the ground, leaving him naked outside his residence. The officers took no action to help him cover his body. There were neighbors present in the area, some of whom were children, at this time.

23. Mr. Nowling was at the home. Mr. A. Duncan's relatives, Mr. L. Duncan and Mrs. Duncan were arriving home when Mr. A. Duncan was dragged from his home.

24. Defendant Officers became hostile and handcuffed Mr. L. Duncan, an elderly military veteran.

25. Defendant Officers grabbed the elderly Mrs. Duncan by the arm despite Mr. Nowling's requests that they be gentle, as Mrs. Duncan's balance was poor due to a recent surgery.

26. Defendant Officers falsely accused Mr. Nowling of trying to push them.

27. They knocked Mr. Nowling's phone, which he had been using to try to film the interaction, out of his hand, violating his rights to videorecord the incident.

28. Mr. L. Duncan was left handcuffed on the porch for 10-15 minutes.

29. Mr. A. Duncan was taken to the 5th District lockup where he was charged with Battery and Trespassing.

30. Mr. A. Duncan was taken to the hospital so he could receive treatment for his injured hip.

31. Mr. Nowling was taken to the 5th district lockup where he was charged with Resisting Arrest, Obstruction of Justice, and Battery.

32. As a result of the misconduct of the Defendant Officers, Mr. A. Duncan, Mr. L. Duncan, Mr. Nowling, and Mrs. Duncan suffered loss of liberty, physical injuries, humiliation, economic loss, emotional anguish, monetary loss and expenses, and other damages.

## COUNT I
## SECTION 1983 FALSE ARREST/UNLAWFUL SEIZURE
## AGAINST DEFENDANT OFFICERS

33. Plaintiffs Lenn Duncan, Kendal Nowling, and Hertisene Duncan re-allege and incorporate herein the allegations of paragraphs 1 through 32.

34. Defendant Officers did not have probable cause to seize these Plaintiffs.

35. The actions of the Defendant Officers violated the Plaintiffs' Fourth Amendment Rights and were in violation of said rights protected by 42 U.S.C. §1983.

36. The Plaintiffs suffered damages.

WHEREFORE, the Plaintiffs, Lenn Duncan, Kendal Nowling, and Hertisene Duncan, pray for judgment against the Defendants, Sergeant Cusack, Officer Cummings, Officer Ritchie, Officer Kundrat, Officer Wilson, Officer Morrow, Officer Romero, and Officer Fair for compensatory damages, punitive damages, the costs of this action, attorney's fees pursuant to 42 U.S.C. §1988, and such other and additional relief as this Court deems equitable and just.

**COUNT II**
**SECTION 1983 DEPRIVATION OF LIBERTY**
**AGAINST DEFENDANT OFFICERS**

37. Plaintiffs Hertisene Duncan, Lenn Duncan, and Kendal Nowling re-allege and incorporate herein the allegations of paragraphs 1 through 32.

38. As a result of the misconduct of the Defendant Officers, Plaintiffs Hertisene Duncan, Lenn Duncan, and Kendal Nowling were deprived of their liberty.

39. The actions of the Defendant Officers violated these Plaintiffs' rights protected by the Fourth Amendment and 42 U.S.C. §1983.

40. The actions of the Defendant Officers were committed intentionally, with malice, willfulness, wantonness and reckless indifference to the rights of others.

WHEREFORE, the Plaintiffs, Hertisene Duncan, Lenn Duncan, and Kendal Nowling, pray for judgment against the Defendants, Sergeant Cusack, Officer Cummings, Officer Ritchie, Officer Kundrat, Officer Wilson, Officer Morrow, Officer Romero, and Officer Fair for compensatory damages, punitive damages, the costs of this action, attorney's fees pursuant to 42 U.S.C. §1988, and such other and additional relief as this Court deems equitable and just.

**COUNT III**
**SECTION 1983 EXCESSIVE FORCE**
**AGAINST DEFENDANT OFFICERS**

41. The Plaintiffs re-allege and incorporate herein the allegations of paragraphs 1 through 32.

42. The force used by Defendant Officers against Plaintiffs Antonio Duncan, Hertisene Duncan and Kendal Nowling constituted excessive force in violation of the Plaintiff's Fourth Amendment Rights of the U.S. Constitution and 42 U.S.C. §1983.

43. The force used by Defendant Officers against the Plaintiffs was objectively

7

unreasonable and excessive, and was undertaken intentionally, with malice, and with reckless indifference to the Plaintiffs' constitutional rights.

44. As a direct and proximate result of this unjustified and excessive use of force, the Plaintiffs suffered injuries including, but not limited to, physical injuries, pain and suffering, emotional anguish, humiliation, and monetary loss and expenses.

WHEREFORE, the Plaintiffs, Antonio Duncan, Hertisene Duncan, and Kendal Nowling, pray for judgment against the Defendants, Sergeant Cusack, Officer Cummings, Officer Ritchie, Officer Kundrat, Officer Wilson, Officer Morrow, Officer Romero, and Officer Fair for compensatory damages, punitive damages, the costs of this action, attorney's fees pursuant to 42 U.S.C. §1988, and such other and additional relief as this Court deems equitable and just.

## COUNT IV
## ILLINOIS LAW CLAIM - INDEMNIFICATION
## AGAINST CITY OF CHICAGO

45. The Plaintiffs re-allege and incorporate herein the allegations of paragraphs 1 through 44.

46. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

47. At all times relevant to this incident, Defendants, Sergeant Cusack, Officer Cummings, Officer Ritchie, Officer Kundrat, Officer Wilson, Officer Morrow, Officer Romero, and Officer Fair, were employees of the City of Chicago, and they acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, the Plaintiffs pray that should this Court enter judgment in their favor and against Defendants, Sergeant Cusack, Officer Cummings, Officer Ritchie, Officer Kundrat,

Officer Wilson, Officer Morrow, Officer Romero, and Officer Fair, the City of Chicago will be ordered to pay the Plaintiff any judgment for compensatory damages obtained against Defendants, Sergeant Cusack, Officer Cummings, Officer Ritchie, Officer Kundrat, Officer Wilson, Officer Morrow, Officer Romero, and Officer Fair.

## JURY DEMAND

Plaintiffs pray for trial by jury.

Respectfully submitted,

KENDAL NOWLING,
ANTONIO DUNCAN,
LENN DUNCAN,
HERTISENE DUNCAN


*/s/* David S. Lipschultz
David S. Lipschultz

David S. Lipschultz
Law Offices of David S. Lipschultz, Inc.
200 S. Michigan Avenue, Suite 201
Chicago, Illinois 60604
Telephone: 312-414-1778
Fax: 312-414-1887
Email: david@dsllawoffice.com

**CERTIFICATE OF SERVICE**

I hereby certify that on January 6, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, with notice provided to the Defendants pursuant to the Federal Rules of Civil Procedure.

                                        */s/ David S. Lipschultz*
                                        David S. Lipschultz

David S. Lipschultz
Atty No. 6277910
Law Offices of David S. Lipschultz, Inc.
200 S. Michigan Avenue, Suite 201
Chicago, Illinois 60604
Telephone: 312-414-1778
Email: david@dsllawoffice.com